**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

KAREN AZUCENA AGUILAR-GAMEZ,

Petitioners-Plaintiffs,

v.

CHRISTOPHER J. LAROSE,

Respondent-Defendant.

Case No.: 26cv5017 DMS (JAC)

**ORDER (1) GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS AND (2) DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT [ECF 4].**

Before the Court is Petitioner's Amended Petition for a Writ of Habeas Corpus and Motion for Temporary Restraining Order. (*See* ECF No. 4.) Respondents filed a Return (ECF No. 5), and Petitioner filed a Traverse. (ECF No. 6). For the following reasons, the Court **GRANTS** the Amended Petition and **DENIES** the Motion for Temporary Restraining Order as moot. (ECF No. 4.)

**I.**

**BACKGROUND**

On March 15, 2018, Petitioner, a citizen of El Salvador, entered the United States without inspection near the border in Hidalgo, Texas. (ECF No. 4 at 2.) Shortly thereafter, Petitioner was apprehended and detained by the Department of Homeland Security ("DHS"). (*Id.*) Six days later, on May 21, 2018, Petitioner was released on an Order of

Release on Recognizance with conditions in place. (ECF No. 4-2, Ex. B at 1.) On or around May 10, 2019, Petitioner applied for asylum with the United States Citizenship and Immigration Service and received work authorization. (ECF No. 4 at 2.) On May 16, 2022, DHS submitted a motion to dismiss Petitioner's removal proceedings, which an immigration judge granted. (ECF No. 4-2, Ex. E at 1.) On August 12, 2026, Petitioner was re-detained and taken into custody at detention centers in Baltimore and Virginia. (ECF No. 4 at 2.) Petitioner was then transferred to the Otay Mesa Detention Center, where she remains detained. (*See id.*)

On September 3, 2026, Petitioner filed the present Petition, challenging her re-detention under the Fifth Amendment's Due Process Clause and the Administrative Procedure Act ("APA"). (*See generally* ECF No. 4.) Petitioner also alleges that her warrantless arrest violated 8 U.S.C. § 1357 (A)(2). Petitioner requests, among other relief, that the Court order her immediate release from immigration detention on the conditions of her prior parole and enjoin Respondents from re-detaining her without a pre-deprivation hearing before a neutral decisionmaker where Respondents must prove re-detention is justified based on a material change in circumstances. (ECF No. 4 at 37.)

## II.

## LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A petitioner prevails in his petition for writ of habeas corpus if he shows that his custody violates the Constitution or laws of the United States. *Id.* § 2241(c)(3). The writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).

/ / /

/ / /

/ / /

/ / /

/ / /

**III.**

**DISCUSSION**

The Court finds Petitioner's re-detention violates the Fifth Amendment's Due Process Clause and therefore grants the Petition.[1] When determining whether Petitioner's procedural due process rights have been violated, the Court must consider:

> [f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

*Mathews v. Eldridge*, 424 U.S. 319 (1976).

First, Petitioner has a liberty interest—the interest in being free from imprisonment—because she was previously released on her own recognizance prior to her re-detention. *Munoz Materano v. Arteta*, 804 F. Supp. 3d 395, 416 (S.D.N.Y. 2025) (citation modified) (citation omitted); *Noori v. LaRose*, 807 F. Supp. 3d 1146, 1164 (S.D. Cal. 2025) (finding the petitioner "has a private interest in remaining free, which developed over the year he resided in the United States"). Therefore, this factor weighs in favor of Petitioner.

Next, there is a high risk of an erroneous deprivation of this liberty interest when noncitizens are re-detained without a hearing. *See, e.g.*, *Pablo Sequen v. Albarran*, 806 F. Supp. 3d 1069, 1089 (N.D. Cal. Oct. 15, 2025) (citing cases). Petitioner contends she did not receive notice regarding the revocation of her conditional parole, proper reasoning for her re-detention, nor was she provided a hearing where she could contest her re-detention. (*See* ECF No. 4 at 3–7, 18–22.) Respondents fail to meaningfully respond to Petitioner's allegations other than to say they do not oppose an order from this Court directing a bond

---

[1] Because the Court grants the Amended Petition on due process grounds, the Court need not address Petitioner's claims arising under the APA or 8 U.S.C. § 1357 (A)(2).

hearing. (*See* ECF No. 5.) Thus, the Court accepts Petitioner's allegations as true and finds that Petitioner was re-detained without adequate process. Accordingly, this factor also weighs in favor of Petitioner.

As to the third factor, "[t]he government may have a 'strong interest' in detaining noncitizens during the pendency of removal proceedings as needed to protect the public from dangerous criminal aliens, or to prevent flight and thereby increase the chance that the aliens will be successfully removed." *Pablo Sequen*, 806 F. Supp. 3d at 1090 (citation modified) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022)). However, when the Government has previously decided to release a noncitizen, and there is no evidence in the record of any material, changed circumstances that might have caused the Government to reconsider its initial decision to release the noncitizen, its interest in re-detention is low. *Doe v. Chestnut*, No. 25-cv-01372-CDB (HC), 2025 WL 3295154, at *10 (E.D. Cal. Nov. 26, 2025) (citations omitted). Here, the Government has not submitted any evidence of changed circumstances to warrant Petitioner's re-detention after releasing her on conditional parole. (*See* ECF No. 5.) This factor, too, weighs in favor of Petitioner. Applying the *Mathews* balancing test, the Court finds that Petitioner's detention violates her Fifth Amendment due process rights.

## IV.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus. (ECF No. 4.) Respondents shall release Petitioner forthwith. Respondents shall not re-detain Petitioner without first providing a pre-deprivation hearing before a neutral decisionmaker at which Respondents must prove that material, changed circumstances related to flight risk or danger warrant Petitioner's re-detention. The parties

/ / /

/ / /

/ / /

/ / /

shall file a Joint Status Report within **72 hours** of this Order's filing, confirming Petitioner has been released. Petitioner's Motion for Temporary Restraining Order is **DENIED** as moot. The Clerk of Court Shall enter judgment accordingly and close this case.

**IT IS SO ORDERED**.

Dated: October 7, 2026

Hon. Dana M. Sabraw
United States District Judge